Gunn v. Felton, Receiver, &c.

---

CASE 79.—ACTION TO RECOVER DAMAGES FOR PERSONAL INJURIES.—
MAY 29.

# Gunn v. Felton, Receiver, &c.

APPEAL FROM BOYLE CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.  REVERSED.

RAILROADS—DUTY TO TRESPASSERS ON TRACK—EVIDENCE—INSTRUCTIONS TO JURY.

Held:  1. It is the duty of the servants in charge of an engine at points in a town or city where they have a right to expect that persons will be crossing or traveling upon the track, to keep a lookout, and evidence is admissible to show that the point at which a trespasser was struck by an engine was within the corporate limits of a town, and where great numbers of people were in the habit of crossing the track with the knowledge of the company's servants.

Vol. 108—36

2. Where there was evidence tending to show that a brakeman upon
the tender of a backing engine discovered the peril of plaintiff,
a trespasser on the track, and gave signals to the engineer in
time to enable him to avoid the injury if he had regarded the sig-
nals, it was error to instruct the jury to find for plaintiff only
in the event they believed the engineer did all he could reason-
ably do to avoid the injury after he became aware of the danger,
as the instruction not only left out of view the duty of the en-
gineer to keep a lookout in a town, but his duty to use reas-
onable diligence to receive and regard the signals of the brake-
man.

ROBERT HARDING, ATTORNEY FOR APPELLANT.

JOHN W. RAWLINGS AND E. V. PRYOR OF COUNSEL.

1. The lower court erred in giving on its own motion, instruction
No. 1.
2. The court erred in refusing to give instructions A. B. C. & D., ask-
ed by appellant.
3. The court erred in refusing to permit appellant to prove that the
injury occurred within the city limits of Danville at a place
where much travel was daily done, in the presence of appellee's
employees.
4. The novel doctrine is asserted, in the instruction of the court,
that no matter how grossly negligent was the engineer in his
failure to see or hear the signals given by the brakeman, no
liability can attach to appellee until after the engineer becomes
aware of the presence of the boy on the track.

SIMRALL & GALVIN, ATTORNEY FOR APPELLEE.

1. Appellant was a trespasser and was lying asleep on the track
when he was injured.
2. The only possible question in such a case, is, whether the engineer
who ran over the appellant, could have avoided injuring him
after discovering his presence on the track. L. & N. R. R., v.
Howard, 82 Ky., 212; Shelby v. C., N., O. & T. P. Ry. Co., 85 Ky.,
224; Ill. Cen. R. R. Co. v. Dick, 91 Ky., 434; Johns v. L. & N.
R. R. Co., 10 Ky. Law Rep., 757; Ky. Central R. R. v. Gastineau's
Adm'r. 83 Ky., 119; Hoskins' Adm'r. v. L. & N. R. R. Co., 17
Ky. Law Rep., 78; Brown's Adm'r. v. L. & N. R. R. Co., 17 Ky.
Law Rep., 1; Gherkin's Adm'r. v. L. & N. R. R. Co., 17 Ky. Law
Rep., 201; McDermott v. Central R. R. Co., 93 Ky., 408; Givens'
Adm'r. v. Ky. Central R. R. Co., 12 Ky. Law. Rep., 950; Penn.
R. R. v. Mullen, 132 Penn. St., 107; McCarty v. Fitchburg R. R.
Co., 154 Mass., 17; Meredith v. Rohner, 108 N. C., 616; L. & N.

R. R. Co. v. Williams, 59 Miss., 601; Woodruff v. Northern Pac. R. R., 47 Fed. Rep., 689; Woodyard v. Kentucky Central R. R. Co., 12 Ky. Law Rep., 799.

OPINION OF THE COURT BY JUDGE GUFFY—REVERSING.

The appellant, Robert Gunn, an infant about thirteen years of age, sat down upon the ties near to the rail on the right of way of the appellee, in its track yard in or near the city of Danville. Being at the time suffering from headache, he suddenly fell asleep, and fell over upon the railroad track of defendant, with his arm extending on or across the rail upon said track, and while so asleep one of defendant's engines, which was being backed into the yard, or along the track, ran over and upon said Gunn, and mashed and bruised his arm so that it had to be amputated between the elbow and shoulder, and otherwise injured him. To recover $2,000 damages therefor he instituted this action against the defendant.

The first paragraph of the answer denies any injury to the appellant by any negligence or carelessness. It is also denied that any injury or suffering inflicted upon the plaintiff could have been avoided by the use of ordinary care or any care at all upon the part of defendant. In the second paragraph it is alleged that the injury to the plaintiff was caused by reason of his own negligence, and but for such negligence the injury would not have occurred. In the third paragraph it is alleged that at the time the injury occurred plaintiff was guilty of negligence on his own part which contributed to the injury, and but for which negligence the injury would not have occurred. The affirmative matters of the answer were traversed by reply. A trial resulted in a verdict and judgment for the

defendant, and, plaintiff's motion for a new trial having been overruled, he prosecutes this appeal.

The grounds relied on for a new trial are as follows: Because the verdict is contrary to the law and evidence; error of the court in refusing to give instructions "a," "b," "c," and "d," asked by plaintiff; error of the court in giving instruction No. 1; error of the court in refusing testimony; error of the court in instructing the jury.

The evidence of the plaintiff introduced conduced to show that while the engine and tender were being backed n rthward toward the mill that a brakeman was on what was then the front end of the engine, and that the fireman and engineer were also aboard, and that the brakeman discovered the danger of the plaintiff, and hallooed, to him to get up from there, and also signaled several times to the engineer to stop or slow down the engine, which was for a time disregarded by the engineer, and that if the engineer had responded to the signals of the brakeman he could have stopped the engine before it ran over plaintiff. The testimony also tended to show that, if those in charge of the engine had used ordinary care in looking, they could have discovered the peril of the plaintiff at a distance of at least 150 yards, and therefore could have easily avoided the injury. The testimony of defendant, however tends to show that the peril of plaintiff was not discovered in time to have avoided the injury, and that the same could not have been done by the exercise of ordinary care, and further tends to show that plaintiff was in the railroad yard of defendant where he had no right to be; hence was, as contended by defendant, a trespasser. The appellant offered to prove that the place at which plaintiff was injured was inside the corporate limits of the town of Danville, and at a point where great numbers

of people were in the habit of crossing the railroad track with the knowledge of the employes of defendant, and that on the west side and across towards the city limits was thickly populated, and that numerous houses were built near to and along the right of way of the defendant; all of which testimony was refused by the court, and of such refusal the appellant complains.

It may be conceded that, under repeated decisions of this court, plaintiff was where he had no right to be. But if that point was within a city or town, and where the defendant had a right to expect people would be traveling or passing, it became the duty of the defendant to be on the lookout, and use ordinary care to protect persons so crossing or being upon the track from injury. This court has repeatedly decided that such duty is required of railroad companies. In John's Adm'r v. Railroad Co., (Ky.), 10 S. W., 417, it is said: "The right of a railroad company to the use of its track is exclusive of the public, save where the public has a right to cross or use it, or where its use in a reckless manner would necessarily endanger the lives of those whose nearness to it requires the exercise of care and caution. In passing through a town or city greater care must be exercised than upon a portion of the road where persons have no license to be. In the first case those in charge of the train must be upon the lookout for persons, and must by the usual signals give warning of its approach; while in the latter they are not bound to anticipate their presence, and guard against injury to them, but must, when made aware of their peril, avoid the injury by the exercise of all reasonable means." In Railroad Co. v. Howard's Adm'r, 82 Ky., 218, this court said: "In passing through cities, towns, or places where persons congregate, greater care and caution must be ex-

ercised than on that portion of the road where human beings have no right to travel." It is also said in the same case: "The right of a railroad company to use its track is exclusive of the public, except where they have the right to cross it, or where its use in a reckless or improper way must necessarily endanger the lives of those whose proximity to the road requires the exercise of care and caution by those running the railroad trains." In Shelby's Adm'r v. Railroad Co., 85 Ky., 229, [3 S. W., 157], it is said: "There is some conflict of authority as to the extent of duty a railroad company owes to a pedestrian who, by license or custom, uses its track to travel on. But unquestionably such fact should enhance the duty of the servants of the company to exercise caution and prudence in the operation of its road in such place. 1 Thomp. Neg., 453. And, in our opinion, the full performance of duty requires that neither a train nor single car should be moved at such place without some servant is in a position to give warning of its approach and control its movement." In Railroad Co. v. Dick, 91 Ky., 434, [15 S. W., 665], it is said in the syllabus: "A railroad company, in operating its trains within the limits of a city at a point where persons are accustomed to crossing its tracks, is required to use a greater caution than is required in the country."

The foregoing being the settled doctrine in this State, it is manifest that the court below erred in refusing to permit the plaintiff to introduce the testimony hereinbefore referred to; and if the proof offered, or any material part thereof, had been introduced, it would have then been the duty of the court to have given, in substance, the instructions asked for by appellant.

Instruction No. 1, given by the court, reads as follows: "If you believe from the evidence in this case that after

the engineer in charge of defendant's engine became aware of the position of the plaintiff with reference to the tracks he failed to do all that he could reasonably do, considering the time within which he had to act and all the circumstances of the situation, to avoid striking plaintiff with the engine, and that by reason of such failure the plaintiff was struck and injured, you will find for the plaintiff in damages. Unless you so believe, you will find for the defendant." This instruction leaves out of view entirely any duty of the engineer to either keep a lookout for the purpose of seeing whether any person was in danger, and also, in effect, says that, although the brakeman might have repeatedly attempted to notify the engineer of the danger of plaintiff, yet plaintiff could not recover, unless he in fact became aware of plaintiff's perilous position in time to have avoided the injury. It was clearly the duty of the engineer to use all reasonable diligence to see and receive and regard the signals, if any, of the brakeman, and, if the place of injury was in fact within the town of Danville, it was the duty of the defendant to use reasonable care to avoid injuring any person on the track, even though a technical trespasser. For the reasons indicated, the judgment is reversed, and cause remanded for a new trial upon principles consistent herewith.