## Rabe v. Chesapeake & Ohio Railway Company, et al.

(Decided January 21, 1921.)

### Appeal from Kenton Circuit Court (Common Law and Equity Division).

1. Railroads—Actions for Injuries to Licensees.—A railroad is not liable to a licensee injured by stepping into a hole on the com-

pany's right of way while attempting to go around a train block-
ing a public crossing. Such person must take the license to so use
the company's tracks with its accompanying perils.

2.  Railroads—Actions for Injuries to Licensees.—A licensee must
take the company's property as he finds it, since the owner is
only responsible to him for injuries resulting from wilful acts.

JOHN H. KLETTE and STEPHENS L. BLAKELY for appellant.

GALVIN & GALVIN for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Alleging appellees obstructed Twelfth street, a pub-
lic way in the city of Covington, for an unreasonable
length of time, to-wit, about fifteen minutes, and that in
endeavoring to go around the train so blocking said
crossing, appellant stepped into a hole on the company's
right of way, and was thereby injured, she instituted
this action to recover damages for the injuries so sus-
tained. In an amendment filed after a demurrer to the
petition had been sustained, it was alleged the accident
happened at four o'clock in the afternoon while appel-
lant was on her way to a hospital and that she attempted
to go around the train because unable to wait longer. In
thus crossing the track appellant says she was using the
only possible means of getting across Twelfth street
from one side of the right of way to the other, that
Twelfth street is a much traveled thoroughfare and was
frequently obstructed by appellee's trains, and because
of this fact it was customary for the public to pass around
the trains as she did on the occasion stated, a fact and
custom well known to appellees.

A demurrer to the petition as thus amended was
sustained, the petition dismissed and it is to reverse said
judgment that the present appeal has been taken.

Treating appellant as a licensee, the inquiry arises,
what duty did appellees owe her?

The accident did not occur on the crossing, but to the
north thereof, while appellant was attempting to pass
behind the train.

Generally speaking, a railroad in the operation of its
engine and cars owes to a licensee the duty of giving
warning of the approach of its trains, to operate same at
a reasonable rate of speed and to maintain a lookout.
This should be the full extent of its duty to a licensee.

The company is not required to safeguard every place of possible danger on its right of way. The licensee must take the property as he finds it; since the owner is only liable to a licensee for injuries resulting from wilful acts. Bales v. L. & N. R. R. Co., 179 Ky. 207, 200 S. W. 471.

There is quite a difference between the company's positive and affirmative acts in the operation of its trains, and the mere passive or negative acts growing out of the failure to protect a licensee from defects on its premises. This is well illustrated by the opinion in L. & N. R. R. Co. v. Hobbs, 155 Ky. 130, 159 S. W. 682, 47 L. R. A. (N. S.) 1149, wherein a directed verdict was held proper under facts similar to those presented by this record. In that case the court said:

"The licensor who has on his premises a stationary object (turntable) that might inflict injury upon a careless or inattentive licensee who came in contact with it, or who had on his premises an excavation or pit used in connection with his business, into which a thoughtless licensee might fall, is not to be held to the same degree of care or burdened with the same duty as the licensor who uses in his business a dangerous movable agency like an engine or cars, the immediate presence of which the licensee cannot many times know of in the absence of notice or warning, and it is well that a distinction should be made in the particular named between the duty and liability of a railroad company in the movement of its trains to licensees and its duty toward them in other respects not connected with the operation of its trains or any other movable agency."

Plaintiff, who attempted to cross a railroad platform for his own convenience as a short cut from one street to another, was held in Redigan v. Boston & Maine Railroad, 155 Mass. 44, 28 N. E. 1133, 14 L. R. A. 276, 31 Am. St. Rep. 520, to be a mere licensee and not entitled to recover for an injury received by falling into a hole in such platform, although the railroad had passively permitted the plaintiff and the public generally to so use it.

As said in Pollock on Torts, section 426:

"In the language of continental jurisprudence there is no question of *culpa* between a gratuitous licensee and the licensor, as regards the safe condition of the property to which the license applies. Nothing short of *dolus* will make the licensor liable."

The above text is approved in Elliott on Railroads, wherein the author (sec. 1250) says the licensee takes his license subject to its concomitant perils. In this same connection, see Indian Refining Co. v. Mobley, 134 Ky. 822, 121 S. W. 657, 24 L. R. A. (N. S.) 497.

From the foregoing it follows that appellant has not shown herself entitled to recover. She was compelled to take the premises as she found them. As to her, appellees were under no obligation to keep their right of way in a suitable condition for the use she sought to make of it at the time of her injury.

That the blocking of the crossing necessitated the use of the tracks at another point will not avail her. It was so held in Jones v. Illinois Central R. R. Co., 31 R. 825, 104 S. W. 258, 13 L. R. A. (N. S.) 1066, where a recovery was denied one injured while attempting to cross under a train standing on a crossing, though said crossing was in general use by the public, was frequently blocked and persons using it often found it necessary in crossing to go through or under the cars. To same effect is Southern Railway in Ky. v. Clark, 32 R. 69, 105 S. W. 384, 13 L. R. A. (N. S.) 1071.

The lower court did not err in sustaining the demurrer to the petition as amended.

The judgment is affirmed.