## Sage's Admr. v. The Creech Coal Company.

(Decided April 14, 1922.)

### Appeal from Harlan Circuit Court.

1. Negligence—Attractive Nuisance.—A trestle, used as a walkway by the public with the knowledge and acquiescence of the owner, is not an attractive nuisance when used by a normal boy over fifteen years of age as a passway in going from his home to school.

2. Negligence—Attractive Nuisance—Licensees.—Nor is one so using the trestle an invitee of the owner, but he is, at most, a bare licensee to whom the owner owes no duty of maintaining his premises in a safe condition for such use.

3. Negligence—Duty to Licensees.—The owner owes a licensee the duty of not injuring him wilfully or wantonly and in some instances of anticipating his presence, but even then the owner does not owe a licensee the affirmative duty of maintaining the premises in a safe condition, but does owe him the negative duty of not doing any positive act that suddenly increases the hazard of the licensee in exercising his license, and which he ought to anticipate may cause injury to his licensee, without giving him notice or taking reasonable precautions to prevent his injury from recently changed conditions.

4. Negligence—Ordinary Care as to Licensees.—A failure by the owner to exercise ordinary care to maintain a trestle and appliances used in connection therewith in a reasonably safe condition is not actionable negligence toward one who is accustomed to use the trestle for a walkway as a bare licensee.

5. Negligence—Pleading.—A plaintiff may allege negligence generally without setting out the particular facts upon which he relies as constituting negligence, but if he attempts to circumstantially detail the facts he must state enough to show negligence independently of any general allegations of negligence, and general allegations cannot enlarge or cure defective specific allegations of negligence.

R. N. JARVIS for appellant.

N. R. PATTERSON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an appeal by the plaintiff from a judgment sustaining a demurrer to his petition as amended and dismissing same.

The pleadings are too long to be copied here but the facts alleged are these:

The defendant owns and operates a double-track tramroad between its mine and its tipple. This road is an incline and is supported a part of its distance by a trestle. Empty cars are raised to the mine on one track as loaded cars are lowered to the tipple on the other by means of a wire cable which is attached to the ends of the cars and runs around a drum at the head of the incline. Appellant's intestate, an infant — years of age, was walking on the trestle on his way to school when this cable broke and struck him, knocking him off of the trestle to the ground about twenty feet below and killing him instantly. The defendant owns all the houses and land in the mining camp surrounding the trestle, which is "daily, habitually and constantly" used as a walkway by large numbers of children in going to and from school and between their homes and defendant's commissaries, as well as by the men and women residing in the camp. The father of decedent worked in the mine and with his family, including decedent, lived in one of the residences owned by the company. This use of the trestle by decedent and others so using it was "with the knowledge, consent, permission and license of the defendant company." The cable was caused to break "through and by reason of the gross negligence and carelessness of the defendant company, its agents and servants in charge of the operation and control of same" and because same "and the appliances used in connection therewith were defective, dangerous, out of repair and unfit for the purposes for which they were used." Decedent at the time was exercising ordinary care for his own safety. The defendant, its agents and employes knew, or by the exercise of ordinary care could have known, of the dangerous and unsafe condition of the cable and of decedent's peril, and decedent did not know and by the exercise of ordinary care for his own safety could not have known thereof.

The decedent's age is not stated in the petition otherwise than that he was "an infant — years of age," and it is not alleged he was defective in any way. Under these allegations, according to thoroughly established rules of pleading, he must be considered as a normal boy barely under 21 years of age, and we cannot accept the state-

ment of counsel in brief that he was at the time but 15 years old, although we do not think this if conceded to be true would be material in any possible view of the other facts alleged.

Counsel for plaintiff rests his argument in brief solely upon the theory that the facts alleged bring the case within the attractive nuisance doctrine, and he cites only cases applying that rule, except L. & N. R. R. Co. v. Vaughan's Admr., 183 Ky. 829, to which he refers in support of the contention that whether or not decedent was a trespasser was a question for the jury.

Just what relevancy this latter contention or the case cited in support thereof is supposed to have here where we are considering only the petition as tested by a demurrer, we do not know. Every fact alleged must be taken as true, and decedent's status at the time of the accident is fixed and must be determined so far as material by the court from these undisputed facts.

That these facts do not bring the case within the attractive nuisance doctrine is too obvious, it seems to us, to require citation of authorities or extended discussion. There is no intimation that children ever played upon the trestle, and it was not a movable thing with which they could play. They simply used it as a walkway in exactly the same way as did the men and women of the mining camp, and as men, women and children use many parts of all kinds of railroad tracks everywhere. The trestle was not different in any essential feature so far as involved here from every other part of defendant's tramroad that may have been used as a walkway. It unquestionably was a dangerous walkway for anyone but not in any sense an attractive nuisance. Decedent was not induced to be upon it by any attractive features possessed by it, even if we might concede a normal boy just under 21 years of age or even 15 years old could claim the protection of that doctrine. Besides the petition makes it clear he was simply using the trestle as a walkway on his way to school when he was injured, and that use in connection with the company's attitude toward same, must determine its duty to him, if any.

The two cases upon which alone plaintiff relies to bring this one within the attractive nuisance doctrine are Lyttle v. Harlan Town Coal Co., 167 Ky. 345, and L. & N. R. Co. v. Steele, 179 Ky. 605. The former is confessedly an extension of that doctrine in order to sanction a manifest right of recovery where a nine-year-old child

was injured while at play on the defendant's premises and from a positive act that under the circumstances really amounted to wilful or at least wanton negligence towards a licensee, upon which ground it could and doubtless should have been rested in view of the recognized rule of this and other courts to restrict rather than enlarge the attractive nuisance doctrine.

At any rate we are unwilling to accept that case as authority for still further extension of the doctrine so as to include the wholly different and not at all analogous facts of this case.

The Steele case also presented entirely dissimilar facts and was quite properly classified as within that doctrine, as this one can not be, since there a boy eight years of age, according to the plaintiff's evidence, was hurt after his peril was discovered and while at play on defendant's moving cars in accordance with a long established custom in which the company acquiesced.

Convinced that defendant's duty to decedent, if any, cannot be measured by the attractive nuisance doctrine it must depend upon whether he was technically an invitee, a licersee or a trespasser.

That he was not an invitee as that term is ordinarily employed is clear since he was on defendant's premises for purposes of his own, and not for any purpose connected with the company's business or beneficial to it.

He was therefore either a trespasser or a licensee, and if the latter he was a bare licensee since under the facts alleged it is patent he did not have an irrevocable license or interest in the walkway. In so far as the duty of the owner is concerned there is but little and usually no difference in the two relationships. In both the owner of the premises is bound not to injure him wilfully or wantonly, but in neither is the owner bound to maintain either his premises or his appliances in a safe condition for the user, and the age of the user does not change the rule except perhaps with reference to a licensee of much tenderer age than decedent. The licensee like the trespasser must take the premises as he finds them. About the only essential difference is that the owner need not anticipate the presence of the trespasser but often must anticipate the presence of the licensee. This duty of anticipating the presence of the licensee does not, however, impose any affirmative duty upon the owner of providing him a safe place and he may revoke the license at any time, but it does place upon him the negative duty, so long as

he permits the license to continue, of not doing any positive act that suddenly increases the hazard to the licensee of exercising his license, without reasonable notice to him of the increased hazard.

This is the rule invoked in the cases dealing with unguarded excavations, unprotected stairways, hatchways, etc., as is illustrated in C. & C. R., etc. Co. v. Mulvey, 135 Ky. 223; L. & N. R. Co. v. Hobbs, 155 Ky. 130; Welch v. L. & N. R. Co., 163 Ky. 100; L. & N. R. Co. v. Marlow, 169 Ky. 140; L. & N. R. Co. v. Schneider, 174 Ky. 727; Bales v. L. & N. R. Co., 179 Ky. 207; Branham v. Buckley, 158 Ky. 848, Ann. Cas. 1915D 861; Gosney v. L. & N. R. Co., 169 Ky. 303; L. R. A. 1916E 458; 20 R. C. L. 55; Rabe v. C. & O. R. Co., 190 Ky. 255, 227 S. W. 166; 16 L. R. A. 1052 and note.

Another familiar class of cases coming within this exception to the general rule of like duty to licensees and trespassers are those where the duty of lookout, &c., is imposed on railroad companies in the operation of their trains with reference to licensees, a duty they do not owe to trespassers.

In some of these cases, particularly of the first class, including some from this court, there has been an effort to distinguish between active and passive negligence, and to hold the owner liable to licensees for the former only, but in many other like cases, including L. & N. R. Co. v. Hobbs, *supra,* this theory has been repudiated and the general rule adhered to that the owner owes no duty to a licensee except not to injure him wantonly or wilfully, which is the same duty he owes a trespasser, and this is the prevailing rule. See note in 36 L. R. A. (N. S.) at page 502.

But whatever the merits of this controversy it is unquestionably true, as the above cases show and reason dictates, that the owner owes a licensee a duty he does not owe a trespasser of anticipating his presence whenever he undertakes to revoke the license or interfere with its exercise, and that this duty forbids him to do any positive act to or on his premises that unduly increases the hazard and which he ought to anticipate may cause injury to his licensee, without giving him notice or taking reasonable precautions to prevent his injury from recently changed conditions.

Whether you call the exposure of the licensee to such an unexpected and sudden peril active negligence, or wilful or wanton negligence, is unimportant, for the two

rules agree in holding the owner liable to the licensee for injuries thus inflicted, the only difference being that one calls it active negligence, while the other calls it wilful or wanton negligence.

The important question, therefore, is not whether decedent was a licensee or trespasser, although we think he was clearly a licensee under the alleged facts, but the character of the negligence alleged as the proximate cause of his injury, since unless under all of the facts the act complained of amounted to wilful or wanton negligence under the one view or at least active as distinguished from passive negligence under the other, he did not state a cause of action.

There is both a general and a special allegation of the negligence which caused the cable to break and strike decedent, the one being that it was caused by the gross negligence and carelessness of defendant's agents and servants in operating same, the other that it was caused to break because of its defective condition.

As we have already pointed out, the defendant was not required to maintain its way or appliances in a safe condition for decedent's use of the way regardless of whether he was a licensee or a trespasser, and the unsafe condition of the cable was not wanton, wilful or any other kind of negligence (unless passive) as to him, even if he was a licensee. To hold otherwise would mean that a licensor would be duty bound to maintain the way and his adjacent premises and appliances in a reasonably safe condition for the licensee's use, which is certainly not the law in this state, as was held under very similar circumstances in L. & N. R. Co. v. Marlow, *supra,* where a licensee walking along a path beside a railroad track was struck by a piece of iron pipe which was attached at one end to the engine and the other end flew out and struck him. It was held that he was not entitled to recover in the absence of a showing that the iron was caused to fly from the path of the train by some "affirmative or positive act" of negligence.

Hence we are clear appellant did not state a cause of action by his specific allegation of negligence, which not only does not allege any affirmative or positive act of negligence but affirms rather only an unsafe condition that ordinary care could have corrected.

The rule is thoroughly settled in this state that the plaintiff may allege negligence generally without setting out the particular facts upon which he relies as constitut-

ing negligence, but if he attempts to circumstantially detail the facts he must state enough to show negligence independent of any general allegations of negligence. Here the plaintiff has pursued the latter course and the facts he alleges do not show any actionable negligence upon the part of the defendant, or dereliction of any kind whatever except a failure to exercise ordinary care to maintain its premises and equipment in a safe condition for use by decedent, to whom it owed no such duty. Under such circumstances the general allegations that "the cable broke through and by reason of the gross negligence and carelessness of defendant, its agents and servants in the operation and control of same" can not enlarge or cure the defective specific allegations of the negligence which caused it to break.

We are, therefore, of the opinion the petition did not state a cause of action, and the judgment dismissing it is affirmed.