## Louisville & Nashville Railroad Company. et al. v. Page.

(Decided June 13, 1924.)

### Appeal from Hopkins Circuit Court.

1. Negligence—Licensee or Trespasser Takes Premises as he Finds them.—Licensee or trespasser takes premises as he finds them, and owner is only liable for injuries resulting from positive acts of negligence, and not for injuries resulting from defects in premises.

2. Negligence—Invitee May Recover for Injuries.—An invitee may recover for injuries resulting from defects in premises.

3. Railroads—Injuries to Livery Man Injured by Defective Cattle Pen Fence Held Not Actionable.—Where shippers of horses, in pen jointly owned by three railroads, went to plaintiff's livery barn and asked if they could put their horses in his barn, and he said that they could if they were not diseased, and later he went over to pen to look at horses, and fence fell with him, injuring him, held, that he was either licensee or trespasser, and not an invitee, and was not entitled to recover from the railroads.

WOODWARD & WARFIELD, JOHN MARSHALL, JR., C. J. WADDILL, TRABUE, DOOLAN, HELM & HELM, and GORDON, GORDON & MOORE for appellants.

B. L. NESBIT and H. F. S. BAILEY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The three defendants, Louisville and Nashville Railroad Company, Illinois Central Railroad Company and Chicago, St. Louis and New Orleans Railroad Company, jointly maintained cattle pens at Nortonville, Ky. In August, 1920, a carload of horses, shipped to that place, had been unloaded and were in one of these pens. Appellee was standing just outside, with one foot and both hands upon the fence, when it fell into the stockpen, carrying him with it. In the fall his front teeth were knocked out, and his jawbone broken, and for these injuries he recovered a judgment herein for $500.00 against the defendants, and they have appealed.

It is well settled that a licensee or trespasser takes the premises as he finds them, and that the owner is only liable to him for injuries resulting from positive acts of negligence and not for injuries resulting from defects in the premises. Cumberland Tel. & Tel. Co. v. Martin's Admr., 116 Ky. 554, 25 K. L. R. 787, 1298, 76 S. W. 394, 77 S. W. 718; Indian Refining Co. v. Mobley, 134 Ky. 822, 121 S. W. 657; L. & N. R. Co. v. Hobbs, 155 Ky. 130, 159 S. W. 682; Bales v. L. & N. R. Co., 179 Ky. 207, 200 S. W. 471; Rabe v. C. & O. R. Co., 190 Ky. 255, 227 S. W. 166; Sage's Admr. v. Creech Coal Co., 194 Ky. 415, 240 S. W. 42.

That this is true is not denied by counsel for appellee, but they insist that he, at the time, was neither a licensee nor a trespasser, but an invitee, and if this is true it is equally well settled, as counsel for defendants admit, that they are liable for injuries proximately resulting from defective conditions of the premises. Shelby's Admr. v. C. N. O. & T. P. R. Co., 85 Ky. 224, 3 S. W. 157; Southern Ry. Co. v. Goddard, 121 Ky. 567, 89 S. W. 675.

The horses belonged to and had been shipped by Clements and Mason, and appellee's only connection therewith is thus explained by him:

"Well, George Clements and Mr. Mason got a carload of horses shipped in there and came over to the livery barn and wanted to put them up, and I told them I would let them know about it, and if they wasn't diseased up, they could put them in, and in a few minutes I went down there and I put one foot in the first crack of the fence and the other on the ground and my hands up on top of the fence, and

while standing there, the fence gave way and I went inside the pen, but the corner still remained standing and the fence rebounded and hit me and knocked my front teeth out and broke my jaw bone."

Mr. Mason's version of the transaction with appellee is as follows:

"We had a lot of horses there—I think about twenty-six—and we run them in there and some of them was talking about wanting to buy some, and they said, 'Let's put them in the barn awhile,' and so I run across to see Mr. Page about putting them in the lot, and he said, 'Is any of these horses diseased?' I said, 'No, I reckon not, they were inspected in St. Louis,' and I believe he told Mr. Clements we could put them in there."

This is the only evidence upon the subject, and we find nothing whatever therein to sustain the contention for appellee, or warrant the inference that he was an agent or employe of the owners of the horses, and as such entitled, as they were, to go upon the premises as an invitee, to attend to or remove the horses from the pen.

It follows, therefore, that defendants did not owe to appellee the duty of maintaining the stockpen fences in a reasonably safe condition, and that they were not guilty of any negligence toward him because of their failure so to do, and the trial court erred in refusing to direct the verdict for them.

Wherefore, the judgment is reversed and the cause remanded for another trial consistent herewith.