## Baird v. Goldberg et al.

June 21, 1940.

Joseph J. Hancock, Judge.

Alexander G. Booth and Morris & Garlove for appellant.

Robert L. Page for appellee Goldberg.

Woodward, Dawson & Hobson for appellee Cohen.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

The appellee, William Goldberg, the defendant below, operated a store at the southwest corner of Fourth and Market streets in the city of Louisville. The entrance to his store is through an open vestibule, triangular in shape, and level with the sidewalk. At the apex of the triangle is a post supporting the corner of the

building, which post is some 5½ feet from the door leading into the store. There is a coin-operated weighing scale against this post, and this scale is between it and the door leading into the store. The upright part of the scale extends up the post about 4 feet with the platform of the scale, which is 23 inches long, 13½ inches wide and 6 inches high, resting on the floor of the vestibule and extending towards the door with the nearest part of the platform being some 3½ feet from the store door. Goldberg has rented this store and vestibule for three years, and pedestrians cut through the vestibule when going from Fourth street west on Market street, and from Market street south on Fourth street, passing between the post and the door to the store with defendant Goldberg's knowledge and without objection upon his part.

Four days before the accident which occurred on April 12, 1938, Goldberg agreed with his co-defendant, Cohen, that the latter might place one of his scales in the vestibule in the position described in the preceding paragraph, with the understanding that Goldberg was to receive one-third from the gross proceeds from the scale, the other two-thirds going to Cohen. On a bright day about noon, the plaintiff, Foster Baird, was walking east on Market street, and desiring to go south on Fourth street at the intersection, cut through the vestibule for his convenience in order to avoid the mid-day pedestrian crowd at the intersection. He had no idea of entering the store, was not interested in anything in the show windows, and used the vestibule purely for his own convenience. Mr. Baird stumbled over the platform of the scales, violently fell on the floor of the vestibule and brought this suit to recover damages for his personal injuries resulting from the fall. The scale was painted cream color with blue trimmings, and when asked why he did not see the scale Mr. Baird testified:

'Why, I—no reason at all except that I supposed that there was no reason for me to notice the scale. The scale was not on my mind; the people were on my mind, that I was about to collide with.''

No other person was in the vestibule when he fell.

At the conclusion of plaintiff's case, the trial judge gave a directed verdict for the defendants on the theory

that the plaintiff was a licensee, took the premises as he found them, and the only duty owed him by the defendant, Goldberg, was not to wilfully or wantonly injure him. Plaintiff seeks to reverse the judgment dismissing his petition on the ground that the vestibule as maintained was an attractive and obvious short cut around the corner, used as such by a great number of people, therefore an implied invitation was extended to the public to use it; that Goldberg owed him a duty equivalent to that owed an invitee, to-wit, to keep the premises reasonably safe for his use. The defendants' position is that the plaintiff was a licensee to whom Goldberg owed no duty until his peril was discovered; also, plaintiff was guilty of contributory negligence as a matter of law.

The plaintiff bottoms his case on Louisville & N. R. R. Co. v. Snow's Adm'r, 235 Ky. 211, 30 S. W. (2d) 885, 889. Without going minutely into the facts of the Snow case, we there held that the footway on the bridge was originally constructed for the use of the public and had been maintained for more than 40 years by the railroad company for such use and that the bridge was an extension of Broadway, one of the principal streets in Frankfort. It was there written:

"This case is not one, like many cited in appellant's brief, of mere passive acquiescence by the railroad company in the use of its bridge by the public. Snow was more than a mere licensee. He was using the bridge under circumstances showing an invitation extended or an inducement held out to him as one of the general public. He was using the footway for the very purpose for which it had been constructed, and to which it had been, in effect, dedicated by the owner. It was therefore the duty of the railroad company, so long as it maintained the footway and until it revoked the permission for the public to use it, to exercise ordinary care to see that it was in a reasonably safe condition."

It is argued by the plaintiff that as Goldberg's vestibule was immediately adjacent to the public sidewalk, and as he allowed people to pass through it without objection, such persons passing through the vestibule became implied invitees and he owed them the duty to keep the vestibule in a reasonably safe condition for their passage, just as the railroad company owed Snow

the duty of an invitee to keep its bridge reasonably safe for his use, since the bridge had been maintained by it as a public way for general use by pedestrians. Evidently, plaintiff loses sight of the fact this vestibule was constructed and maintained, not for the use and benefit of the public as was the bridge in the Snow case, but for the use and benefit of Goldberg's customers or prospective customers, who desired to enter his store, or who entered the vestibule to view his display windows. The fact that the vestibule was adjacent to the sidewalk and was a convenience to pedestrians who desired to save space and time in walking through it, and who did so without objection on Goldberg's part, did not convert such persons from licensees to invitees. The law imposes no duty upon Goldberg to keep his vestibule in a reasonably safe condition for those who pass through it solely for their own convenience or pleasure and who were not expressly or impliedly invited to enter the vestibule, or induced to do so by the purpose for which same was constructed and maintained. In constructing and maintaining this vestibule Goldberg did nothing to induce the public to use it, except in entering his store, or looking into his show windows—clearly, he did not maintain it so as to induce the public to believe it was part of the sidewalk which it had the right to use. Indian Refining Co. v. Mobley, 134 Ky. 822, 121 S. W. 657, 24 L. R. A., N. S., 497; Moody v. Louisville & N. R. R. Co., 239 Ky. 541, 39 S. W. (2d) 988; Offutt v. O'Leary, 204 Ky. 726, 265 S. W. 296; Cummings' Adm'x v. Paducah Grain & Elevator Co., 190 Ky. 70, 226 S. W. 345; Robinson's Adm'r v. Louisville & N. R. R. Co., 199 Ky. 694, 251 S. W. 968; Rabe v. Chesapeake & O. R. Co., 190 Ky. 255, 227 S. W. 166, 16 A. L. R. 1052; Louisville & N. R. R. Co. v. Hobbs, 155 Ky. 130, 159 S. W. 682, 47 L. R. A., N. S., 1149.

Merchants' Ice & Cold Storage Co. v. Bargholt, 129 Ky. 60, 110 S. W. 364, 16 Ann. Cas. 965, relied upon by plaintiff has no application here. That case deals with whether or not Bargholt was guilty of contributory negligence in falling over a block of ice in plain view, which the defendant had negligently left on the sidewalk. There the negligence of the defendant was established when it was proven its employee left a block of ice on the sidewalk, and the court held it was a question for the jury whether or not Bargholt was guilty of contributory

negligence. In Jefferson Dry Goods Co. v. Dale, 257 Ky. 501, 78 S. W. (2d) 305, the defendant maintained in the sidewalk and flush therewith a door leading into its basement, on which door it allowed a handle to get out of socket and protrude above the sidewalk, which caused Dale's fall. There, as in the Bargholt case, the defendant negligently placed an obstruction on the public sidewalk, while in the instant case the defendants did not obstruct the sidewalk with the scale, but placed it within the Goldberg vestibule.

Counsel for plaintiff cite several cases to the effect that where a customer in a store tripped and fell over a scale, similar to the one over which Baird fell in the instant case, which was located in the aisle in the store and plainly visible to one using ordinary care for his own safety, such customer was not guilty of contributory negligence as a matter of law, Lombardi v. Woolworth Co., Mass., 22 N. E. (2d) 28; Dowling v. MacLean Drug Co., 248 Ill. App. 270; Nye v. Liggett Co., 224 Mass. 401, 113 N. E. 201; Thompson v. Woolworth Co., 100 Ind. App. 386, 192 N. E. 893; Mick v. Thompson Co., Mo. App., 77 S. W. (2d) 470. These cases are at once distinguishable from the one at bar since the plaintiff in each of them was a customer of the store, therefore an invitee, and there the defendant owed the customer the duty to keep the premises in a reasonably safe condition. It was a question for the jury to determine whether or not the premises were in that condition; also, to determine whether or not in the circumstances the customer in the exercise of ordinary care for his or her own safety should have watched the aisle for obstruction or whether or not the plaintiff could assume such aisle was free from obstructions and safe for customers to use.

It is not necessary for us to determine whether or not the plaintiff was guilty of contributory negligence as a matter of law, since we have reached the conclusion that he was a mere licensee, therefore the only duty owed him by defendant, Goldberg, was not to injure him wilfully or wantonly, or to express it in another way, not to injure him through active negligence. 45 C. J. 796, Section 201; Indian Refining Co. v. Mobley; Cummings' Adm'x v. Paducah Grain & Elevator Co., supra.

Judgment affirmed.