SEBRING, Justice.
Jerry Bruno, the plaintiff below, instituted suit against the defendant, Harry Seigel, to recover damages for injuries sustained when the plaintiff slipped and fell on a concrete areaway owned by the defendant. The complaint in the cause alleged, in substance, that the defendant owned and operated a gasoline filling station and that many people walked across the premises as a short cut to a public bus stop; that early in the morning of September 28, 1952, while walking across the defendant’s property on the way to board a bus, the plaintiff slipped and fell on some slippery substance and was injured. The complaint further alleged, “upon information and belief,” that the defendant had knowledge of the fact that many persons walked across the premises in going to and from the bus stop, yet so carelessly and negligently maintained the premises as to cause the accident.
The defendant Seigel filed a motion to dismiss the complaint on the ground that it failed to state a claim upon which relief could be granted. He also took the plaintiff’s deposition, and, thereafter, moved the court for the entry of a summary judgment on the complaint and deposition, on the ground that there was no genuine issue as to any material facts and that consequently the defendant was entitled to a judgment in his favor as a matter of law. The motion for summary judgment was granted and this appeal followed.
We find no error in the judgment appealed from. The complaint alleges that the plaintiff slipped and fell on defendant’s premises while he was on his way to catch a bus. The deposition reveals that the plaintiff was transported by a friend from his home to the corner where the defendant’s filling station was located. After he got out of the automobile, the plaintiff walked onto the defendant’s premises, which, at that hour of the day, were not open for business, in order “to relax there and to wait for to catch the bus.” When he slipped and fell on what he thought was a grease spot approximately two or three inches in size, he was going out to the curb to catch a bus.
It is plain from the allegations of the complaint and the undisputed facts developed by the deposition that the plaintiff was not on the premises for the purpose of transacting business with the defendant but was there solely for his own convenience and benefit. Under these circumstances the plaintiff was a licensee and the *675 defendant owed him no duty except not to harm him wilfully or wantonly, or to set traps for him, or to expose him to danger recklessly or wantonly.’ ” Stewart v. Texas Co., Fla., 67 So.2d 653, 654; Porchey v. Kelling, 353 Mo. 1034, 185 S.W.2d 820.
The judgment appealed from should be affirmed.
It is so ordered.
ROBERTS, €. J., and TERRELL and MATHEWS, JJ., concur.