PEARSON, TILLMAN, Chief Judge.
The plaintiff appeals a summary final judgment in favor of the defendants in an action for personal injuries allegedly caused when plaintiff tripped over a weighing machine. The essential facts as set out by the Court in its final judgment are as follows:
“THIS CAUSE was heard upon the motion of the respective defendants for the entry of summary judgment in their favor. Upon consideration of the pleadings, depositions and affidavits on file, as well as the argument of counsel, the Court finds there is no genuine issue as to the only material facts, viz., that the place at which the plaintiff fell was private property; that plaintiff was on such property for her own benefit ; that plaintiff was not an invitee upon such private property and was not there for the purpose of transacting any business with the defendants but solely for her own benefit and convenience; that under such circumstances, as a matter of law, plaintiff was a bare licensee to whom the defendants owed no duty except not to harm her willfully, wantonly or to set a trap for her or to expose her to danger recklessly or wantonly, and that the defendants’ conduct did not violate this purely negative duty. See Bruno v. Seigel, Fla.1954, 73 So.2d 674, and Baird v. Goldberg, Ky.1940 [283 Ky. 558], 142 S.W. 2d 120.
“The instant case differs materially from those cases cited by plaintiff where the walkway had at one time been a public walk and was subsequently withdrawn from public use for private use. Here the area of the fall was private property constructed as the entrance-way to the store.
*565 “It is undoubtedly true that the plaintiff did not see the scale when she was some distance away on the public sidewalk, but she did not and could not have tripped over the scale while on the public sidewalk. That top portion of the scale which may have extended slightly over the sidewalk in no way contributed to the causing of the accident. It may well be that the scale as located may have constituted a danger to an invitee but the scale as located did not constitute a ‘trap.’ There is no evidence that the defendants intended to harm anyone by having so placed the scale. The defendants owed no duty to a licensee to warn of its existence.”
The appellant maintains that even though the scales were located on private property (some three inches from the sidewalk), this did not relieve the defendants of the duty to exercise reasonable care toward the plaintiff. This contention is based on the knowledge of merchants and others that the traveling public will at times stray slightly beyond the exact public-private property line, thus creating a duty in an owner of property adjacent to a public sidewalk to use care to prevent artificial conditions on such property from being unreasonably dangerous to those who may foreseeably deviate in this manner. See annotations at 14 A.L.R. 1397 and 1S9 A.L.R. 136 for a discussion of cases touching this proposition.
It does not appear that public policy requires establishing a rule in Florida that property owners are liable for reasonably foreseeable injuries to the traveling public who may stray from an adjacent public way since to do so would in effect extend the same rule of liability to the trespasser and the licensee as is now extended to invitees.
It is sufficient to say that we concur with the conclusion of the trial judge in this case. The facts establish without controversy that the plaintiff was a licensee on the property of defendant Grable’s Bakery, Inc. We think that they establish as a matter of law that these scales were not so placed so as to constitute an unreasonable use of its property by the defendant amounting to wilful misconduct intentionally exposing passers-by to harm. We hold that as a matter of law the undisputed facts of this case do not bring it within the purview of the “further duty to the licensee to warn him of a defect or condition known to the owner or occupant to be dangerous when such danger is not open to ordinary observation by the licensee” as set forth in McNulty v. Hurley, Fla.1957, 97 So.2d 185, 187. We therefore affirm upon authority of the rules set forth in the McNulty case, supra. Accord, Bruno v. Seigel, Fla.1954, 73 So.2d 674; Baird v. Goldberg, 283 Ky. 558, 142 S.W.2d 120 (1940).
Affirmed.